## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **KAREN BYERLY,** | |
| Plaintiff, | No.  08-CV-02982 |
| v. | Judge Robert W. Gettleman |
| **GENERAL MILLS, INC.,** | |
| Defendant. | |

### DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, GENERAL MILLS SALES, INC., (improperly named as General Mills, Inc., hereinafter "Defendant") by and through its attorneys, Littler Mendelson, P.C., and for its Answer and Affirmative Defenses to the Complaint of Karen Byerly, states:

### PRELIMINARY STATEMENT

1.     This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq.  Plaintiff seeks mandatory injunctive relief and damages to redress the discriminatory employment practices as engaged in by Defendant.

**ANSWER:**     Defendant admits that Plaintiff purports to seek relief pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.  Defendant denies any wrongdoing and that Plaintiff is entitled to any relief contained in Paragraph 1 of the Complaint.

### JURISDICTION

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 12101 et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:**     Defendant admits that Plaintiff purports to bring and maintain this action under 28 U.S.C. §§ 1343 (a)(3) and (4), and 28 U.S.C. §§ 1331, 2202 and 2202.  Defendant

denies any wrongdoing and that Plaintiff is entitled to any relief contained in Paragraph 2 of the Complaint.

## VENUE

3.        Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

**ANSWER:**    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

## PARTIES

4.        Plaintiff, KAREN BYERLY, is a United States citizen who resides in Gurnee, Illinois.

**ANSWER:**    Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.        Defendant, GENERAL MILLS, INC., is corporation properly organized and sanctioned by the laws of the state of Delaware, which has continuously and does now employ more than fifteen (15) employees, and at all relevant times did, and continues to do business in Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 12101 et seq.

**ANSWER:**    Defendant admits the allegations contained in Paragraph 5 of the Complaint.

## PROCEDURE

6.        Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on May 13, 2008, which was received on May 15, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**    Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in sentence 1 of Paragraph 6 of the Complaint and thus denies those allegations.  Defendant admits that Plaintiff has attached to her Complaint a Notice of Right to Sue purportedly issued by the EEOC on or about May 13, 2008.  Defendant is

without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint and thus denies those allegations.

<b><u>ADA DISABILITY DISCRIMINATION</u></b>

7.      Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**     Defendant re-alleges and reincorporates its Answers to Paragraphs one (1) through six (6) above as though fully set forth herein.

8.      At all times relevant to this action, Plaintiff has been an individual with multiple disabilities including being born with a bilateral hip deformity, which severely limits movement in Plaintiffs left leg and causes tremendous pain.  Additionally, in approximately 2005, Plaintiff was diagnosed with fibromyalgia, a disorder classified by the presence of chronic widespread pain and tactile allodynia.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and thus denies those allegations.

9.      Plaintiff is considered an individual with disabilities for the purposes of the ADA, 42 U.S.C. § 12102(2), in that she suffers from physical impairments that substantially limit her ability to work, a major life activity, and is regarded by Defendant as having such impairments.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations that Plaintiff suffers from physical impairments that substantially limit her ability to work as contained in Paragraph 9 of the Complaint and thus denies those allegations.  Defendant further denies the allegation that it regards Plaintiff as having such impairments as set forth in Paragraph 9 of the Complaint.

10.      Plaintiff has a record of her medical disabilities and was perceived by Defendant as having such impairments.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation that Plaintiff has a record of her medical disabilities as contained in Paragraph 10 of the Complaint and thus denies those allegations.   Defendant further denies the

allegation that it perceived Plaintiff as having such impairments as set forth in Paragraph 10 of the Complaint .

11.     Plaintiff is a qualified individual with a disability for purposes of the ADA, 42 U.S.C. § 12111(8), in that she could and did at all times, and continues to, perform the essential functions of her job with or without reasonable accommodations, and Defendant regarded Plaintiff as having physical impairments that substantially limited her major life activities.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations that Plaintiff is a qualified individual with a disability for purposes of the ADA, 42 U.S.C. § 12111(8), in that she could and did at all times, and continues to, perform the essential functions of her job with or without reasonable accommodations as contained in Paragraph 11 of the Complaint and thus denies those allegations.  Defendant further denies the allegation that it regarded Plaintiff as having physical impairments that substantially limited her major life activities as set forth in Paragraph 11 of the Complaint.

12.     Plaintiff began her employment with Defendant in May 1991 as a Territory Manager II.  Throughout her seventeen (17) year tenure with Defendant, Plaintiff performed to the reasonable satisfaction of Defendant, as evidenced by her promotion to Senior Territory Manager in 2003, her performance evaluations, merit-based raises, bonuses, and awards, including Defendant's "Ring of Recognition."

**ANSWER:**     Defendant admits that Plaintiff began her employment with Defendant in May 1991 as a Territory Manager II, and that she has generally performed to the reasonable satisfaction of the Company throughout the course of her employment.  Defendant further admits that Plaintiff has received merit-based raises, bonuses, and awards.  Defendant denies any remaining allegations in Paragraph 12.

13.     In 2005, Plaintiff was denied a promotion to the unposted Market Manager position.  This position was given Tom Potkanowicz ("Supervisor Potkanowicz"), a individual with less experience in the food services industry who did not possess a disability of any kind.

**ANSWER:**     Defendant has filed contemporaneously with this Answer a Partial Motion to Dismiss this allegation and/or claim on the grounds that it is time-barred.  Accordingly,

Defendant makes no answer to the allegations contained in Paragraph 13 at this time.

14.    Plaintiff was transferred to the Food Service Operator Specialist position in July of 2006.  As a result, Supervisor Potkanowicz became Plaintiff's direct supervisor.  Since Supervisor Potkanowicz became Plaintiff's direct supervisor in 2006, Plaintiff has been subjected to a campaign of hostile, abusive, and harassing and discriminatory conduct in her employment with Defendant. Examples of such conduct include:

**ANSWER:**    Defendant admits that Plaintiff was transferred to the Food Service

Operator Specialist in or around July 2006, and that Tom Potkanowicz became Plaintiff's direct

supervisor.   Defendant denies the remaining allegations contained in Paragraph 14 of the

Complaint.

a.    Supervisor Potkanowicz repeatedly demeaned and belittled Plaintiff on a regular basis by calling her "stupid," an "idiot," and a "stupid idiot," and chastised Plaintiff for her intelligence in front of and in comparison to her similarly situated non-disabled coworkers on multiple occasions.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 14 (a) of the

Complaint.

b.    Supervisor Potkanowicz publicly humiliated, mocked, and demeaned Plaintiff at food shows in front of Defendant's customers in an attempt to damage Plaintiff's professional relationships with Defendant's customers and undermine Plaintiff's ability to successfully perform in her position as Food Service Operator Specialist.   Supervisor Potkanowicz does not humiliate and mock Plaintiff's similarly situated non-disabled coworkers at food shows or in front of customers.

**ANSWER:**    Defendant denies the allegations contained in Sentence 1 of Paragraph 14

(b) of the Complaint.  Defendant admits that Mr. Potakanowicz does not humiliate or mock

Plaintiff or any of her co-workers at food shows or in front of customers.  Defendant denies any

remaining allegations contained in Paragraph 14(b) of the Complaint.

15.    When Plaintiff interviewed for the Food Service Operator Specialist position with Michael Krschner, Defendant's Director of Sales ("Director Krschner") in March 2006, Plaintiff was informed that she would only have to complete six (6) to eight (8) operating calls per week. Shortly after assuming the Food Service Operating Position, Supervisor Potkanowicz began to require Plaintiff to make ten (10) operating calls per week with "no exceptions."

**ANSWER:**    Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.    In February 2007, Plaintiff began requesting that Supervisor Potkanowicz provide Plaintiff a reasonable accommodation for her disability, which substantially limits her movement, by permitting her to make fewer than ten (10) operating calls per week because this was a physically painful task requiring substantially more time to perform than her similarly situated non-disabled coworkers on account of her disabilities.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.    Supervisor Potkanowicz denied Plaintiff's request for reasonable accommodation, insisting that there were "no exceptions," and Defendant continued to require that Plaintiff continue to perform at least ten (10) operating calls per week, even though, on information and belief, Plaintiff's non-disabled coworkers also have difficulty completing ten (10) operating calls per week.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.    In response to each of Plaintiff's requests for reasonable accommodation for her disability, Supervisor Potkanowicz suggested that Plaintiff volunteer for a demotion to part-time status.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.    Despite her requests, in March 2008, Plaintiff was informed by Defendant's management that she would have to perform an average of thirteen (13) to fifteen (15) operating calls per week, and that individuals holding the Food Service Operating position who did not meet this number would be subject to discipline.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20.    In September 2007, the unposted Account Manager position at Defendant became available, but Plaintiff was never considered for this position. This position was ultimately awarded to Karl Watson, an individual from outside the company with no disabilities who possessed substantially less experience than Plaintiff.

**ANSWER:**    Defendant admits that, in or around September of 2007, Karl Watson was

hired from outside the company for the Account Manager position in question.  Defendant denies

the remaining allegations in Paragraph 20 of the Complaint.

21.    In April 2008, the Marketing Manager position became available.  Plaintiff met or exceeded all the posted job qualifications in terms of her strong history of job performance at Defendant, her experience, and her lengthy tenure of employment with Defendant.  As a result, Plaintiff expressed interest in this portion.

**ANSWER:**    Defendant admits that a Marketing Manager position became available in

or around April 2008, and that Plaintiff expressed interest in the position.  Defendant denies the

remaining allegations contained in Paragraph 21 of the Complaint.

22.    In response to Plaintiff's expressed interest in the position, Supervisor Potkanowicz accused Plaintiff of being an underperformer, informed her that her prior experience would not be considered in applying for this position, and falsely stated that Plaintiff could not jump three (3) salary levels on a single promotion.  Contrary to Supervisor Potkanowicz's representations to Plaintiff, both John Dobee and Betty Woolf, non-disabled employees, were both given the opportunity to jump three (3) salary levels on a single promotion.

**ANSWER:**    Defendant denies the allegations in Paragraph 22 of the Complaint.

23.    The Marketing Manager position was ultimately awarded by Supervisor Potkanowicz to Karl Watson, a less qualified individual who did not meet the posted requirements of the Marketing Manager position because he had less than the required one (1) year of tenure at Defendant, which is required for the position.  Karl Watson is an individual who is not disabled.

**ANSWER:**    Defendant admits that Karl Watson assumed the Marketing Manager

position in question.  Defendant is without sufficient information to form a belief as to the truth

or falsity of whether or not Karl Watson is or is not disabled and thus denies that allegation.

Defendant denies the remaining allegations contained in Paragraph 23.

24.    Plaintiff complained to Defendant's Human Resources department on numerous occasions about not being considered for multiple promotional opportunities at Defendant. Further, Plaintiff also complained to Director Krschner, James Williams, Defendant's Zone Director and Kevin Marsherall, Defendant's Zone Manager about being denied multiple promotional opportunities.  On information and belief, Defendant never took any action to address its discriminatory employment practices in response to Plaintiff's complaints.

**ANSWER:**    Defendant denies the allegations in Paragraph 24 of the Complaint.

25.     Defendant did not subject Plaintiff's similarly situated co-workers, who were not disabled, to adverse terms and conditions of employment to which Defendant subjected Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26.     As a direct result of the Defendant's aforementioned deliberate and malicious acts of discrimination, Plaintiff has been forced to endure adverse terms and conditions of her employment with Defendant causing Plaintiff substantial injury, including, but not limited to, emotional pain and suffering, and lost wages and benefits.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of Plaintiff's disability in violation of the provisions of Title I of the ADA, as amended, 42 U.S.C. § 12101 et seq.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 27 of the Complaint.

Wherefore, Plaintiff, KAREN BYERLY, prays for judgment against Defendant and respectfully requests that this Court:

A.     Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

B.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

C.     Order Defendant to make whole KAREN BYERLY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D.     Grant Plaintiff any actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

E.     Order Defendant to pay lost, foregone, and future wages to KAREN BYERLY;

F     Grant Plaintiff her attorney's fees, costs, disbursements; and

G.     Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**     Wherefore, having fully answered, Defendant prays that Plaintiff take

nothing by her Complaint; that this matter be dismissed with prejudice in its entirety, that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

28.     Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**     Defendant admits that Plaintiff requests a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust her administrative remedies, her respective claims for relief are barred.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

### FOURTH AFFIRMATIVE DEFENSE

The employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory business reasons and not any unlawful animus.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

### SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual

or punitive damages, and hence can only recover nominal damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages fails because Defendant did not act with malice or reckless indifference to Plaintiff's rights.

## NINTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution because: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of their possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive

damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff has made any claim for special damages, she has failed to state such claim with the requisite specificity.  Therefore, Plaintiff's claims are barred and should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

Any allegations not admitted are denied.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of the case.


**GENERAL MILLS SALES, INC.**


By:/s/Stephanie Seay Kelly
_____
One of Its Attorneys

Adam C. Wit (#06230538)
Stephanie Seay Kelly (#06275880)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: July 30, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie Seay Kelly, an attorney, hereby certify that on July 30, 2008, a copy of

***Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Complaint*** was filed

electronically.  Notice of this filing will be sent by operation of the Court's electronic filing

system to all parties indicated on the electronic filing receipt.  Parties may access this filing

through the Court's electronic system.


/s/Stephanie Seay Kelly

Firmwide:86034584.1 040218.2093