IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN BYERLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GENERAL MILLS, INC.,<br><br>　　　　Defendant. | No.  08 CV 2982<br><br>Judge Gettleman<br>Magistrate Judge Denlow |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

**I.   INTRODUCTION**

On May 22, 2008, Plaintiff Karen Byerly ("Plaintiff") filed a Complaint in this Court, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101.  In her Complaint, Plaintiff alleges that she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008. Compl. at ¶ 6.  Plaintiff attached a Notice of Right to Sue to her Complaint which is dated May 13, 2008.  *Id*. Among her claims, Plaintiff alleges that her employer, General Mills Sales, Inc. (improperly named as General Mills, Inc., hereinafter "Defendant") denied her a promotion to a Market Manager position in 2005.  *Id*. at ¶13.  Specifically, she alleges:

> In 2005, Plaintiff was denied a promotion to an unposted [sic] Market Manager position.  This position was given to Tom Potkanowicz ("Supervisor Potkanowicz"), an individual with less experience in the food service industry who did not possess a disability of any kind.

*Id*.  This claim is time-barred because the alleged failure to promote falls outside of the applicable 300-day limitation period and accordingly should be dismissed with prejudice.

## II.     ARGUMENT

### A.     Applicable Legal Standard For Motion to Dismiss Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides a mechanism for a party to challenge the legal sufficiency of a Complaint for failure to state a claim upon which relief may be granted. *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007).  "While compliance with a statute of limitations need not be pleaded in the complaint, the timeliness of a claim can be raised on a motion to dismiss if the plaintiff has pleaded facts showing that the claim is untimely." *Brown v. Chicago Bd. of Educ.*, No. 00 C 6366, 2001 U.S. Dist. LEXIS 3358, at *3 (N.D. Ill. Mar. 15, 2001).

### B.     Plaintiff's 2005 Failure to Promote Claim Fails Because It Is Time-Barred

Plaintiff's 2005 failure to promote claim is time-barred because, even accepting her allegations as true, the alleged discrimination (promoting Tom Potkanowicz over her) occurred at least 18 months outside of the 300-day limitation period imposed by the ADA.  The ADA expressly adopts the enforcement procedures governing Title VII, which requires a plaintiff to file administrative charges within 300 days "after the alleged unlawful employment practice occurred."  *See* 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1); *Stepney v. Naperville Sch. Dist.*, 392 F.3d 236, 239 (7th Cir. Ill. 2004).  Although an "unlawful employment practice" includes various discrete acts such as "termination, failure to promote, denial of transfer, or refusal to hire,"  discrete discriminatory acts are "not actionable if time-barred, even when they are related to acts alleged in timely filed charges." *Roney v. Ill. Dep't of Transp.*, 474 F.3d 455, 460 (7th Cir. 2007).  Thus, a plaintiff's failure to file a charge concerning a discrete act of discriminatory conduct within 300 days of its occurrence results in an untimely claim for which the plaintiff cannot recover.  *Id.*

Here, taking Plaintiff's allegations as true, Plaintiff alleges that she filed her EEOC

charge on May 2, 2008. Therefore, any discrete discriminatory act (such as a failure to promote) that occurred more than 300 days prior to this date, or before July 25, 2007, are time-barred and should be dismissed. Plaintiff alleges she was denied a promotion in 2005. Compl. at ¶ 13. Because this conduct falls outside the 300-day window, this claim is time-barred and should be dismissed with prejudice. *See Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (holding employee's discriminatory suspension claim was untimely where he failed to file a charge with the EEOC, or equivalent state agency, within the requisite 300-day time period); *Mull v. Abbott Lab.*, No. 07 C 6965, 2008 U.S. Dist. LEXIS 50599, at *8-9 (N.D. Ill. June 30, 2008) (granting Defendant's motion to dismiss Plaintiff's demotion and failure to promote claims where those discrete acts fell outside the 300-day window); *Scarbrough v. Ill. Dep't of Human Servs.*, No. 07-cv-42-DRH, 2007 U.S. Dist. LEXIS 83743, at *8-9 (S.D. Ill. Nov. 13, 2007) (holding the discriminatory acts alleged in the plaintiff's Complaint that occurred in July 2000, October 2000, and December 2002 could not give rise to a cause of action of gender discrimination where Plaintiff's Charge with the EEOC was filed on March 24, 2006); *Tragas v. City of Chicago*, No. 97 C 8303, 1998 U.S. Dist. LEXIS 16878, at *5 (N.D. Ill. Oct. 22, 1998) (striking portions of the ADA claim that alleged time-barred events); *Enright v. Ill. State Police*, 19 F. Supp. 2d 884, 888-89 (N.D. Ill. 1998) (Gettleman, J.) (granting Defendant's motion for summary judgment on alleged conduct that occurred prior to the 300-day statute of limitations; noting that each round of promotions was a discrete, isolated and completed act for which plaintiff should have known she had grounds to claim it was discriminatory).

## III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's 2005 failure to promote claim as alleged in Paragraph 13 of her Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

-4-

Respectfully submitted,

GENERAL MILLS SALES, INC.

  s/ Stephanie Seay Kelly
One of Its Attorneys

Adam C. Wit (#06230538)
Stephanie Seay Kelly (#06275880)
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: July 30 2008

Firmwide:86045064.1 040218.2093