**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KAREN BYERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 08 C 2982** |
| **v.** | ) | |
| | ) | **Hon. Robert W. Gettleman** |
| **GENERAL MILLS, INC.,** | ) | **Judge Presiding** |
| | ) | **Magistrate Judge Denlow** |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

Pursuant to this Court's standing order, counsel for the parties conferred on July 30, 2008, and held the requisite Fed. R. Civ. P. 26(f) conference. The following constitutes the report of the parties planning meeting:

A.      There is presently no date set for a status report on this matter.

B.      Attorneys of Record:

For Plaintiff:   Lisa Kane, Janice A. Wegner, Michael Young, and Tyler Manic.

For Defendant:   Adam Wit and Stephanie Seay Kelly.

C.      Basis for Federal Jurisdiction: Jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and 42 U.S.C. § 12101 et seq.

D.      Request for Jury Trial: Plaintiff has requested a trial by jury.

E.      Nature of the Claims:

Plaintiff's Perspective:  Plaintiff has been employed by Defendant for seventeen (17) years. Plaintiff has multiple disabilities, including a bilateral hip deformity (which severely limits movement in Plaintiff's left leg and causes tremendous pain), and fibromyalgia which manifests with

1

chronic widespread pain and tactile allodynia.  Plaintiff is considered to be, has a record of, and is regarded by Defendant as a qualified individual with disabilities.

Plaintiff has been subjected to hostile, abusive, harassing and discriminatory conduct by her supervisor.  Plaintiff has been denied a reasonable accommodation in that her requests that she be required to perform less than the average of thirteen (13) to fifteen (15) operating calls per week when her non-disabled coworkers have difficulty completing ten (10) operating calls per week. Plaintiff has also been denied promotion to positions for which she was well qualified in favor of non-disabled persons with substantially lesser qualifications.

Defendant's Perspective: Defendant denies that it harassed or discriminated against Plaintiff in any way.  Defendant is not aware of a record of Plaintiff's alleged disabilities, nor has Defendant ever regarded Plaintiff as disabled.  Prior to filing this lawsuit Plaintiff never indicated that she needed a change in her call requirements to reasonably accommodate any limitations.  Indeed, Plaintiff has demonstrated her ability to meet the customer call requirements without any such accommodation.  In regards to Plaintiff's failure to promote claims, Defendant's hiring and/or promotion decisions in each case were based on legitimate, non-discriminatory reasons.

F.    Relief sought: Declaratory and injunctive relief, and actual, consequential, compensatory, punitive, lost wages and attorney's fees and costs.

G.    Name of any party not served: All parties have been served.

H.    Principal Legal issues:

1.    Whether the Plaintiff can establish the *prima facie* elements of her cause of action of Americans with Disabilities Act discrimination.

2.    Whether the Defendant has articulated  legitimate non-discriminatory reasons for its

2

actions in its treatment of Plaintiff.

3.      Whether Plaintiff has shown that Defendant's articulated non-discriminatory reason(s) was/were pretextual.

4.      Whether Plaintiff has suffered damages as a result of Defendant's discriminatory treatment.

I.      Principal factual issues:

1.      Whether Plaintiff is a qualified individual with a disability.

2.      Whether Plaintiff was meeting the legitimate expectations of the Defendant.

3.      Whether Plaintiff's supervisor subjected her to hostile, abusive, harassing and discriminatory treatment.

4.      Whether Plaintiff ever sought an accommodation prior to filing her Charge of Discrimination or Complaint.

5.      Whether Defendant provided Plaintiff with a reasonable accommodation on the basis of her disabilities.

6.      Whether Defendant's promotion decisions are based on legitimate non-discriminatory reasons.

7.      Whether Plaintiff mitigated her damages.

J.      Anticipated Motions: Plaintiff is considering filing a Motion for a Temporary Injunction.

K.      Proposed Discovery Plan:

1.      The parties will exchange Rule 26(a)(1) Disclosures by August 15, 2008.

2.      Discovery Cut-Off:

        Plaintiff Proposes:      October 31, 2008

3

Defendant Proposes:  December 29, 2008

3.    Dispositive Motion deadline:

Plaintiff Proposes:    December 1, 2008

Defendant Proposes:  January 26, 2009

L.    Ready for Trial date: _____, 2009

Estimated length of trial is between three (3) and four (4) days.

M.    Status of Settlement Discussions: The parties have had preliminary settlement discussions and participated in a private mediation session, however, no agreement has been reached.

N.    Consent to Magistrate Judge: The parties do not unanimously consent to trial before a magistrate judge.

Dated: August 1, 2008

/s/ Lisa Kane_____          /s/ Stephanie Seay Kelly (*with consent*)
LISA KANE                                 STEPHANIE SEAY  KELLY
ATTORNEY FOR PLAINTIFF                    ATTORNEY FOR DEFENDANT
LISA KANE & ASSOCIATES, P.C.              LITTLER MENDELSON, P.C.
120 SOUTH LA SALLE STREET                 200 NORTH LA SALLE STREET
SUITE 1420                                SUITE 2900
CHICAGO, ILLINOIS 60603                   CHICAGO, ILLINOIS 60601
(312) 606-0383                            (312) 372-5520
ATTORNEY CODE NO. 06203093                ATTORNEY CODE NO. 06275880