## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**KAREN BYERLY,**

                Plaintiff,

    v.

**GENERAL MILLS, INC.,**

                Defendant.

No.  08-CV-2982

Judge Robert Gettleman

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, General Mills Sales, Inc., (improperly named as General Mills, Inc., hereinafter "Defendant" or "General Mills") by and through its attorneys, Littler Mendelson, P.C., and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### PRELIMINARY STATEMENT

1.      This is an action seeking redress for violations of rights guaranteed to Plaintiff by Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq and by the laws of the State of Illinois.  Plaintiff seeks mandatory injunctive relief and damages to redress the discriminatory employment practices as engaged in by Defendant.

**ANSWER:**    Defendant admits that Plaintiff purports to seek relief pursuant to Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.  Defendant denies any wrongdoing and that Plaintiff is entitled to any relief contained in Paragraph 1 of the First Amended Complaint.

### JURISDICTION

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1343(a)(3) and (4) and 28 U.S.C. § 1331 to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 12101 et seq.  Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

With respect to Plaintiff's state law claims, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

**ANSWER:**     Defendant admits that Plaintiff purports to bring and maintain this action under 28 U.S.C. §§ 1343 (a)(3) and (4), and 28 U.S.C. §§ 1331, 1367, 2202 and 2202. Defendant denies any wrongdoing and that Plaintiff is entitled to any relief contained in Paragraph 2 of the First Amended Complaint.

## VENUE

3.     Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

**ANSWER:**     Defendant admits the allegations contained in Paragraph 3 of the First Amended Complaint.

## PARTIES

4.     Plaintiff, KAREN BYERLY, is a United States citizen who resides in Gurnee, Illinois.

**ANSWER:**     Upon information and belief, Defendant admits the allegations contained in Paragraph 4 of the First Amended Complaint.

5.     Defendant, GENERAL MILLS, INC., is corporation properly organized and sanctioned by the laws of the state of Delaware, which has continuously and does now employ more than fifteen (15) employees, and at all relevant times did, and continues to do business in Illinois.  Defendant is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 12101 et seq.

**ANSWER:**     Defendant admits the allegations contained in Paragraph 5 of the First Amended Complaint.

## PROCEDURE

6.     Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on May 2, 2008.  The EEOC issued Plaintiff a Notice of Right to Sue on May 13, 2008, which was received on May 15, 2008.  The Notice of Right to Sue entitles Plaintiff to initiate a civil action in the appropriate forum within ninety (90) days of the receipt of said Notice.  Plaintiff initiated this action within said ninety (90) day period.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth

or falsity of the allegations contained in sentence 1 of Paragraph 6 of the First Amended Complaint and thus denies those allegations. Defendant admits that Plaintiff has attached to her First Amended Complaint a Notice of Right to Sue purportedly issued by the EEOC on or about May 13, 2008. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the First Amended Complaint and thus denies those allegations.

## COUNT I - ADA DISABILITY DISCRIMINATION

7.     Paragraphs one (1) through six (6) are incorporated by reference as if fully set out herein.

**ANSWER:**     Defendant re-alleges and reincorporates its Answers to Paragraphs one (1) through six (6) above as though fully set forth herein.

8.     At all times relevant to this action, Plaintiff has been an individual with multiple disabilities including being born with a bilateral hip deformity, which severely limits movement in Plaintiff's left leg and causes tremendous pain. Additionally, in approximately 2005, Plaintiff was diagnosed with fibromyalgia, a disorder classified by the presence of chronic widespread pain and tactile allodynia.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the First Amended Complaint and thus denies those allegations.

9.     Plaintiff is considered an individual with disabilities for the purposes of the ADA, 42 U.S.C. § 12102(2), in that she suffers from physical impairments that substantially limit her ability to walk, a major life activity, and is regarded by Defendant as having such impairments.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations that Plaintiff suffers from physical impairments that substantially limit her ability to work as contained in Paragraph 9 of the First Amended Complaint and thus denies those allegations. Defendant further denies the allegation that it regards Plaintiff as having such impairments as set forth in Paragraph 9 of the First Amended Complaint.

10.     Plaintiff, a seventeen (17) year employee of Defendant, has a record of her medical disabilities and was perceived by Defendant as having such impairments.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation that Plaintiff has a record of her medical disabilities as contained in Paragraph 10 of the First Amended Complaint and thus denies those allegations.  Defendant further denies the allegation that it perceived Plaintiff as having such impairments as set forth in Paragraph 10 of the First Amended Complaint.

11.     For approximately the first three (3) years of Plaintiff's employment, Plaintiff and one other disabled individual, Mike Brady, who was also disabled in the major life activity of walking, were the only individuals in Plaintiff's department who were required to have annual physicals, and the reason Plaintiff was given by Defendant for the annual physical requirement was because of her disability.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegation as contained in Paragraph 11 of the First Amended Complaint and thus denies those allegations.

12.     Plaintiff is a qualified individual with a disability for purposes of the ADA, 42 U.S.C. § 12111(8), in that she could and did at all times, and continues to, perform the essential functions of her job without reasonable accommodations, and Defendant regarded Plaintiff as having physical impairments that substantially limited her major life activities.

**ANSWER:**     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations that Plaintiff is a qualified individual with a disability for purposes of the ADA, 42 U.S.C. § 12111(8), in that she could and did at all times, and continues to, perform the essential functions of her job with or without reasonable accommodations as contained in Paragraph 12 of the First Amended Complaint and thus denies those allegations.  Defendant further denies the allegation that it regarded Plaintiff as having physical impairments that substantially limited her major life activities as set forth in Paragraph 12 of the First Amended Complaint.

13.     Plaintiff began her employment with Defendant in May 1991 as a Territory Manager II. Throughout her seventeen (17) year tenure with Defendant, Plaintiff performed to the reasonable satisfaction of Defendant, as evidenced by her promotion to Senior Territory Manager in 2003, her performance evaluations, merit-based raises, bonuses, and awards, including Defendant's "Ring of Recognition." Plaintiff has multiple shelves of merit-based sales awards in her office, and the number of sales awards Plaintiff earned exceeds the quantity of awards earned by numerous members of Food Service upper management.

**ANSWER:**    Defendant admits that Plaintiff began her employment with Defendant in May 1991 as a Territory Manager II, and that she has generally performed to the reasonable satisfaction of the Company throughout the course of her employment. Defendant further admits that Plaintiff has received merit-based raises, bonuses, and awards. Defendant denies any remaining allegations in Paragraph 13.

14.     In 2005, Plaintiff was denied a promotion to the unposted Market Manager position. This position was given Tom Potkanowicz ("Supervisor Potkanowicz"), an individual with less experience in the food services industry who did not possess a disability of any kind.

**ANSWER:**    Defendant denies the allegation contained in Paragraph 14 of the First Amended Complaint.

15.     Plaintiff was transferred to the Food Service Operator Specialist position in July of 2006. As a result, Supervisor Potkanowicz became Plaintiff's direct supervisor. Since Supervisor Potkanowicz became Plaintiff's direct supervisor in 2006, with authority over the terms and conditions of Plaintiff's employment, Plaintiff has been subjected to a campaign of hostile, abusive, and harassing and discriminatory conduct in her employment with Defendant. Examples of such conduct include:

**ANSWER:**    Defendant admits that Plaintiff was transferred to the Foodservice Operator Specialist position in or around July 2006, and that Tom Potkanowicz became Plaintiff's direct supervisor. Defendant denies the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

      a.     Supervisor Potkanowicz repeatedly demeaned and belittled Plaintiff on a regular basis by calling her "stupid," an "idiot," and a "stupid idiot," and chastised Plaintiff for her intelligence in front of and in comparison to her similarly situated non-disabled coworkers on multiple occasions. Potkanowicz went so far in his abuse as to tell Plaintiff that "the only thing you have going for you is a pretty smile."

**ANSWER:**    Defendant denies the allegations contained in Paragraph 15 (a) of the First Amended Complaint.

        b.      Supervisor Potkanowicz publicly humiliated, mocked, and demeaned Plaintiff at food shows in front of Defendant's customers in an attempt to damage Plaintiff's professional relationships with Defendant's customers and undermine Plaintiff's ability to successfully perform in her position as Food Service Operator Specialist.    In one instance, Supervisor Potkanowicz urged Plaintiff to stand up in front of approximately fifteen (15) of her colleagues during a food show and shouted, "[a]nd Karen is playing the part of Vanna White."    Supervisor Potkanowicz does not humiliate and mock Plaintiff's similarly situated non-disabled coworkers at food shows or in front of customers.

**ANSWER:**    Defendant denies the allegations contained in Sentences 1 and 2 of Paragraph 15(b) of the First Amended Complaint.  Defendant admits that Mr. Potakanowicz does not humiliate or mock Plaintiff or any of her co-workers at food shows or in front of customers. Defendant denies any remaining allegations contained in Paragraph 15(b) of the First Amended Complaint.

16.    When Plaintiff interviewed for the Food Service Operator Specialist position with Michael Krschner, Defendant's Director of Sales ("Director Krschner") in March 2006, Plaintiff was informed that she would only have to complete six (6) to eight (8) operating calls per week. Shortly after assuming the Food Service Operating Position, Supervisor Potkanowicz began to require Plaintiff to make ten (10) operating calls per week with "no exceptions."

**ANSWER:**    Defendant denies the allegations contained in Paragraph 16 of the First Amended Complaint.

17.    In February 2007, Plaintiff began requesting that Supervisor Potkanowicz provide Plaintiff a reasonable accommodation for her disability, which substantially limits her movement, by permitting her to make fewer than ten (10) operating calls per week because this was a physically painful task requiring substantially more time to perform than her similarly situated non-disabled coworkers on account of her disabilities.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 17 of the First Amended Complaint.

18.    Supervisor Potkanowicz denied Plaintiffs request for reasonable accommodation, insisting that there were "no exceptions," and Defendant continued to require that Plaintiff

continue to perform at least ten (10) operating calls per week, even though, on information and belief, Plaintiff's non-disabled coworkers also have difficulty completing ten (10) operating calls per week.

     **<u>ANSWER:</u>**   Defendant denies the allegations contained in Paragraph 18 of the First Amended Complaint

     19.    In response to each of Plaintiffs requests for reasonable accommodation for her disability, Supervisor Potkanowicz suggested that Plaintiff volunteer for a demotion to part-time status.

     **<u>ANSWER:</u>**   Defendant denies the allegations contained in Paragraph 19 of the First Amended Complaint.

     20.    Despite her requests, in March 2008, Plaintiff was informed by Defendant's management that she would have to perform an average of thirteen (13) to fifteen (15) operating calls per week, and that individuals holding the Food Service Operating position who did not meet this number would be subject to discipline.

     **<u>ANSWER:</u>**   Defendant denies the allegations contained in Paragraph 20 of the First Amended Complaint.

     21.    In September 2007, the unposted Account Manager position at Defendant became available, but Plaintiff was never considered for this position. This position was ultimately awarded to Karl Watson, an individual from outside the company with no disabilities who possessed substantially less experience than Plaintiff.

     **<u>ANSWER:</u>**   Defendant admits that, in or around September of 2007, Karl Watson was hired from outside the company for the Account Manager position in question. Defendant denies the remaining allegations in Paragraph 21 of the First Amended Complaint.

     22.    In April 2008, the Marketing Manager position became available. Plaintiff met or exceeded all the posted job qualifications in terms of her strong history of job performance at Defendant, her experience, and her seventeen (17) year tenure of employment with Defendant. As a result, Plaintiff expressed interest in this position.

     **<u>ANSWER:</u>**   Defendant admits that a Marketing Manager position became available in or around April 2008, and that Plaintiff expressed interest in the position. Defendant denies the remaining allegations contained in Paragraph 22 of the First Amended Complaint.

23.    In response to Plaintiff's expressed interest in the position, Supervisor Potkanowicz accused Plaintiff of being an underperformer, informed her that her prior experience would not be considered in applying for this position, and falsely stated that Plaintiff could not jump three (3) salary levels on a single promotion. Contrary to Supervisor Potkanowicz's representations to Plaintiff, both John Dobee and Betty Woolf, non-disabled employees, were both given the opportunity to jump three (3) salary levels on a single promotion.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 23 of the First Amended Complaint.

24.    The Marketing Manager position was ultimately awarded by Supervisor Potkanowicz to Karl Watson, a less qualified individual who did not meet the posted requirements of the Marketing Manager position because he had less than the required one (1) year of tenure at Defendant, which is required for the position. Karl Watson is an individual who is not disabled. Had Plaintiff received the Marketing Manager position, she would have been able to delegate many of her physical responsibilities to non-disabled individuals, resulting in her not needing any reasonable accommodations for her disability from Defendant.

**ANSWER:**    Defendant admits that Karl Watson assumed the Marketing Manager position in question. Defendant is without sufficient information to form a belief as to the truth or falsity of whether or not Karl Watson is or is not disabled and thus denies that allegation. Defendant denies the remaining allegations contained in Paragraph 24 of the First Amended Complaint.

25.    Plaintiff complained to Defendant's Human Resources department on numerous occasions about not being considered for multiple promotional opportunities at Defendant. Further, Plaintiff also complained to Director Kirschner, James Williams, Defendant's Zone Director and Kevin Marsherall, Defendant's Zone Manager about being denied multiple promotional opportunities. On information and belief, Defendant never took any action to address its discriminatory employment practices in response to Plaintiff's complaints.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 25 of the First Amended Complaint.

26.    Defendant did not subject Plaintiff's similarly situated co-workers, who were not disabled, to the adverse terms and conditions of employment to which it subjected Plaintiff.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 26 of the First Amended Complaint.

27.     As a direct result of the Defendant's aforementioned deliberate and malicious acts of discrimination, Plaintiff has been forced to endure adverse terms and conditions of her employment with Defendant causing Plaintiff substantial injury, including, but not limited to, emotional pain and suffering, and lost wages and benefits.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 27 of the First Amended Complaint.

28.     The aforementioned deliberate and malicious acts of discrimination further caused Plaintiff to suffer an elevated level of stress and depression, causing her to suffer severe physical symptoms of pain from her disabilities, resulting in her having to see a neurologist and a neuroscience doctor for the treatment of her symptoms.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 28 of the First Amended Complaint.

29.     The aforementioned acts and omissions of Defendant constitute unlawful discrimination against Plaintiff because of Plaintiff's disability in violation of the provisions of Title I of the ADA, as amended, 42 U.S.C. § 12101 et seq.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 29 of the First Amended Complaint.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff, KAREN BYERLY, prays for judgment against Defendant and respectfully requests that this Court:

      a.     Declare the conduct of the Defendant to violate the rights guaranteed to Plaintiff under appropriate Federal Law;

      b.     Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice, which unlawfully discriminates on the basis of disability;

      c.     Order Defendant to make whole KAREN BYERLY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

      d.     Grant Plaintiff any actual, consequential, compensatory, punitive and any other damages that the Court may deem appropriate against Defendant;

      e.     Order Defendant to pay lost, foregone, and future wages to KAREN BYERLY;

      f.      Grant Plaintiff her attorney's fees, costs, disbursements; and

      g.      Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**    Wherefore, having fully answered, Defendant prays that Plaintiff take nothing by her First Amended Complaint; that this matter be dismissed with prejudice in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

## COUNT II - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30.    Paragraphs one (1) through twenty-eight (28) are incorporated by reference as if fully set out herein.

**ANSWER:**    Defendant re-alleges and reincorporates its Answers to Paragraphs one (1) through twenty-eight (28) above as though fully set forth herein.

31.    Plaintiff seeks respondeat superior liability against Defendant for the tortious conduct of Supervisor Potkanowicz.

**ANSWER:**    Defendant admits that Plaintiff purports to seek respondeat superior liability against Defendant for the conduct of Supervisor Potkanowicz.  Defendant denies any wrongdoing and that Plaintiff is entitled to any relief sought in Paragraph 31 of the First Amended Complaint.

32.    Defendant's Marketing Manager, Supervisor Potkanowicz, has engaged in extreme and outrageous conduct in subjecting Plaintiff to an overt, unbridled, and malicious course of conduct designed to psychologically and emotionally abuse Plaintiff.  Examples of such conduct have been detailed in the preceding paragraphs.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 32 of the First Amended Complaint.

33.    Defendant, acting by and through their officer, Supervisor Potkanowicz, intended to cause Plaintiff severe emotional distress, or knew that there was a high probability that

Plaintiff would suffer such distress, when it subjected Plaintiff to a course of conduct designed to psychologically and emotionally abuse Plaintiff.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 33 of the First

Amended Complaint.

34.     In her position with Defendant, Supervisor Potkanowicz exercised a substantial degree of control over the terms and conditions of Plaintiff's employment and abused his authority over Plaintiff by subjecting her to outrageous conduct.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 34 of the First

Amended Complaint.

35.     Plaintiff has suffered and continues to suffer severe emotional distress as a direct and proximate result of Defendant's extreme and outrageous conduct.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 35 of the First

Amended Complaint.

36.     Defendant, acting by and through its officer, Supervisor Potkanowicz, intentionally subjected Plaintiff to egregious and abusive treatment which Defendant knew would cause Plaintiff to suffer severe emotional distress.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 36 of the First

Amended Complaint.

37.     Plaintiff continues to suffer the severe emotional and psychological trauma inflected upon her by Defendant and continues to struggle with the effects of Defendant's extreme and outrageous conduct.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 37 of the First

Amended Complaint.

38.     The aforementioned extreme and outrageous conduct of Defendant further caused Plaintiff to suffer an elevated level of stress and depression, causing her to suffer severe physical symptoms of pain from her disabilities, resulting in her having to see a neurologist and a neuroscience doctor for the treatment of her symptoms.

**ANSWER:**     Defendant denies the allegations contained in Paragraph 38 of the First

Amended Complaint.

39.    The aforementioned acts and omissions of Defendant constitutes intentional infliction of emotional distress, in violation of the laws of the State of Illinois.

**ANSWER:**    Defendant denies the allegations contained in Paragraph 39 of the First Amended Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KAREN BYERLY, prays for judgment against Defendant and respectfully requests that this Court:

a.    Order Defendant to make whole KAREN BYERLY by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

b.    Grant Plaintiff actual, consequential, compensatory and any other damages that the Court may deem appropriate against Defendant; and

c.    Grant Plaintiff such further relief as the Court deems necessary and proper in the public interest.

**ANSWER:**    Wherefore, having fully answered, Defendant prays that Plaintiff take nothing by her First Amended Complaint; that this matter be dismissed with prejudice in its entirety; that judgment be entered against Plaintiff and in favor of Defendant for all costs and attorneys' fees incurred by it in defending this action; and that Defendant be granted such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

40.    Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this complaint.

**ANSWER:**    Defendant admits that Plaintiff requests a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to exhaust her administrative remedies, her respective claims for relief are barred.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff has failed to institute this action within the time required under the applicable statute of limitations, her claims for relief are barred.

## FOURTH AFFIRMATIVE DEFENSE

The employment decisions about which Plaintiff complains were based on legitimate, non-discriminatory business reasons and not any unlawful animus.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's prayer for relief must fail to the extent that Plaintiff has failed to mitigate her damages as required by law.

## SIXTH AFFIRMATIVE DEFENSE

Even if Plaintiff could state a claim for relief in this action, Plaintiff cannot prove actual or punitive damages, and hence can only recover nominal damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages fails to state a claim upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages fails because Defendant did not act with malice or reckless indifference to Plaintiff's rights.

## NINTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate Defendant's rights to due process of law under

the Fifth and Fourteenth Amendments to the United States Constitution because: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of their possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of Defendant; (e) Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## **TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has made any claim for special damages, she has failed to state such claim with the requisite specificity. Therefore, Plaintiff's claims are barred and should be dismissed.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is subject to preemption by the Illinois Human Rights Act, 775 ILCS 5/8-111(c) and the Illinois Workers' Compensation Act, 820 ILCS 305/1 *et seq.*,  because the claim has no independent basis and contains the same core allegations contained in Plaintiff's disability discrimination claim.

## TWELFTH AFFIRMATIVE DEFENSE

Any allegations not admitted are denied.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of the case.

Respectfully submitted,

GENERAL MILLS SALES, INC.


By:/s/ Stephanie Seay Kelly
_____
One of Its Attorneys

Adam C. Wit
Stephanie Seay Kelly
Raven A. Winters
LITTLER MENDELSON, P.C.
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: September 5, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Stephanie Seay Kelly, an attorney, hereby state that on September 5, 2008, I electronically filed the foregoing ***Defendant's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint*** with the Clerk of the U.S. District Court using the ECF filing system, and that a copy of the foregoing has been served electronically by the Clerk upon:

> Lisa R. Kane
> Janice A. Wegner
> Darren A. Bodner
> lisakane@sbcglobal.net
>
> Tyler J. Manic
> manicesq@yahoo.com

Firmwide:86141972.1 040218.2093